UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TIMOTHY M.,

                  Plaintiff,

     v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                 Defendant.

Case No. 6:21-cv-01708-AR

**ORDER FOR ATTORNEY FEES**

---

**ARMISTEAD, Magistrate Judge**

      Before the court is plaintiff Timothy M.'s (last name omitted for privacy) motion for

attorney fees under 42 U.S.C. § 406(b). Plaintiff's counsel, Kevin Kerr, seeks approval of an

award of $18,816.50. (Pl.'s Mot. for Att'y Fees at 3, ECF No. 23.) The Commissioner opposes

the motion, contending that the award should be reduced because it will result in a windfall. As

explained below, the motion for fees is granted.

Page 1 – ORDER FOR ATTORNEY FEES

## BACKGROUND

On November 26, 2021, plaintiff brought this action seeking review of the Commissioner's final decision to deny disability benefits. On June 14, 2022, plaintiff filed his opening brief, asserting that the ALJ made several errors: (1) discounting his subjective symptom testimony; (2) evaluating the medical opinion from Dr. Kauffman; (3) rejecting the evaluations of nonexamining physicians; and (4) finding plaintiff could perform his past relevant work at step 4. (Pl.'s Br., ECF No. 16.) On August 11, 2022, the court granted the parties' stipulation remanding the case for further administrative proceedings. (Order for Remand, ECF No. 18.) On November 10, 2022, the court approved plaintiff's stipulated application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, awarding $2,319.91. (Order, ECF No. 22.)

On November 15, 2022, the Social Security Administration issued a Notice of Award, informing plaintiff that he is entitled to various benefits, including an award of past-due disability benefits totaling $75,266. (Pl.'s Mot. Att'y Fees, Attach. 2, ECF No. 23-2.) Under the terms of a contingency fee agreement, plaintiff agreed to pay Kerr 25 percent of his past-due benefits if his social security appeal was successful. (*Id.* Attach. 1, ECF No. 23-1.)

Kerr now seeks an award of $18,816.50 under 42 U.S.C. § 406(b), which equals 25 percent of plaintiff's past-due benefits. Kerr states that upon receiving the § 406(b) award, he will refund the $2,319.91 previously received under the EAJA directly to plaintiff. (Pl.'s Mot. Att'y Fees at 3.) Kerr maintains that the requested fee is reasonable, is lawfully authorized, and that attorneys representing social security claimants on a contingency fee basis face a substantial risk of nonpayment.

The Commissioner agrees that an award is appropriate but argues that the amount is unreasonable because it represents a windfall to Kerr. The Commissioner contends that Kerr performed only 10.1 hours of work, and that an award of $18,816.50 represents an hourly rate of $1,863.01, which is unreasonably high given that the issues presented were routine. (Def.'s Resp. at 2-3, ECF No. 25.) The court disagrees with Commissioner.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may allow a reasonable fee for an attorney who represented a Social Security claimant before the court and obtained a favorable judgment, as long as the fee is not in excess of 25 percent of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The 25 percent limit applies to the total of fees awarded under EAJA and § 406(b). *Id.* at 796 (holding that where a district court awards fees under EAJA and § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee"). When a contingency agreement applies, the court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, considering the character of the representation and results achieved. *See id.* at 807-08. Although the fee agreement is the primary means for determining the fee, the court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808)

The court has reviewed the record, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Plaintiff agreed to pay Kerr fees of 25 percent of any past-due benefits awarded to him.

Page 3  – ORDER FOR ATTORNEY FEES

(Pl.'s Mot. Att'y Fees Attach. 1.) The amount sought by counsel ($18,816.50) is 25 percent of the total award ($75,266), a typical fee arrangement for social security appeals. Thus, amount requested is within the statutory maximum and is the amount negotiated by plaintiff as stated in the contingency fee agreement. *Gisbrecht*, 535 U.S. at 808.

The court observes that Kerr's representation was not substandard in any regard – he filed all pleadings timely. The results Kerr achieved for his client were excellent – the Commissioner stipulated to a remand after Kerr filed the opening brief and plaintiff was awarded benefits three months later. Thus, there was no undue accumulation of past-due benefits and no reduction for dilatory conduct is warranted here. *Id.*

In the Commissioner's view, a reduction is necessary to avoid a windfall to Kerr. The Commissioner argues that the issues presented in this case were routine, and because of Kerr's skill and experience, he efficiently handled the extensive medical record and medical issues presented. The Commissioner argues that a reduction is warranted because Kerr billed 10.1 only hours, resulting in an effective hourly rate of $1,863.01. The court disagrees that the lodestar calculation renders the requested fees unreasonable here.

Under *Gisbrecht*, courts must give lawful contingency fee agreements "primacy," reasoning that Congress embraced the use of contingent fee agreements through § 406(b), which sets 25 percent of a claimant's past-due benefits as the statutory ceiling. *Gisbrecht*, 535 U.S. at 804-06. The Ninth Circuit permits courts to consider the lodestar *only* "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Crawford*, 586 F.3d at 1148. *Crawford* cautioned that the lodestar "under-compensates attorneys for the risk they

assume in representing SSDI claimants" and "ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past due benefits at all." *Id.* at 1149.

The Commissioner insists that the hourly rate is unreasonable here, yet offers no argument to distinguish numerous other cases from this district awarding § 406(b) fees with similar hourly rates. *See Edgar v. Comm'r Soc. Sec. Admin.*, Case No. 3:14-cv-00267-SI (Order, ECF No. 27) (approving § 406(b) fees of $16,380 with hourly rate of $1,800); *Steven M. v. Comm'r Soc. Sec. Admin.*, No. 3:18-CV-00459-HZ, 2020 WL 249990, at *2 (D. Or. Jan. 16, 2020) (awarding $13,110.00 in § 406(b) fees with an hourly rate of $1,898); *Rebecca B. v. Comm'r Soc. Sec. Admin.*, 3:20-cv-01334-MC (Order, ECF No. 22) (awarding $20,400 in § 406(b) fees with hourly rate of $2,000); *Anthony B. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-cv-00118-HZ (D. Or. Aug. 27, 2021) (Order, ECF No. 30) (awarding $21,200 in § 406(b) fees with an hourly rate of $2,000); *Monica H. v. Comm'r, Soc. Sec. Admin.*, No. 3:16-cv-02111-JR (D. Or. Jan. 25, 2021) (Order, ECF No. 28) (awarding $28,400 in § 406(b) fees with an hourly rate of $2,000)). Simply because the hourly rate is high does not render it unreasonable. *See also Brazile v. Comm'r Soc. Sec.*, Case No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases with similar hourly rates).

The court finds no reduction in fees is necessary to prevent a windfall here. Kerr is an experienced social security practitioner and the 10.1 hours billed in this case reflects "an efficient billing practice that focuses on substantive work" and not necessarily all the time expended, a practice this court encourages. *Brazile*, 2022 WL 503779, at *4 (citing *Edgar*, Case No. 3:14-cv-00267-SI (Order, ECF No. 27) (finding, in a case involving counsel from Kerr's firm, that the requested fees did not constitute a windfall primarily based on counsel's narrowly tailored

Page 5 – ORDER FOR ATTORNEY FEES

briefing and efficient billing practice)). Given Kerr's effective and efficient representation that produced swift results for his client, and the "significant risk" of nonpayment that he assumed in taking plaintiff's case, "including the risk that no benefits would be awarded," the court finds that the requested fees are reasonable. *Crawford*, 586 F.3d at 1152; *Brazile*, 2022 WL 503779, at *4.

In summary, considering all the factors of this case, the court concludes that no downward adjustment is warranted and that the award of fees does not result in a windfall for Kerr.

## CONCLUSION

For the above reasons, plaintiff's counsel's Motion for Attorney Fees (ECF No. 23) is GRANTED. Under 42 U.S.C. § 406(b), Kevin Kerr is allowed an attorney's fee in the amount of $18,816.50, less any applicable administrative assessment allowed by statute, to be paid out of plaintiff's past-due benefits. The 406(b) check may be paid to NW Disability Benefits, LLC dba Kerr Robichaux & Carroll (TID 85-3999428), P.S. Box 14490, Portland, OR 9723. Upon receipt of the 406(b) check, plaintiff's counsel must refund to plaintiff the $2,319.91 previously received under the EAJA.

IT IS SO ORDERED.

DATED: January **27**, 2023.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge